# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS (HOUSTON)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER BERGDAHL,<br><br>Defendant. | Case No. 4:24-mj-00212<br><br><br><br><br><br>515 Rusk Street<br>Houston, TX 77002<br><br>Friday, May 10, 2024<br>2:14 p.m. |

TRANSCRIPT OF INITIAL APPEARANCE
BEFORE THE HONORABLE CHRISTINA A. BRYAN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:
United States Attorney's Office
By: KERI L. FULLER, ESQ.
1000 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 567-9000

For the Defendant:
Jones Day
By: ANDREW M. RYNGAERT, ESQ.
717 Texas, Suite 3300
Houston, TX 77002
(832) 239-3939

Jones Day
By: JORDAN M. MATTHEWS, ESQ.
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
(312) 782-3939

Audio Operator: Daniel Berger, ECR

Transcription Company:
Access Transcripts, LLC
10110 Youngwood Lane
Fishers, IN 46048
(855) 873-2223
www.accesstranscripts.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Proceedings commence at 2:14 p.m.)

THE COURT: Hello. Good afternoon.

MS. MATTHEWS: Good morning, Your Honor.

THE COURT: Can you announce your appearances, please.

MS. MATTHEWS: Yes. Jordan Matthews and Andrew Ryngaert on behalf of Dr. Bergdahl.

MS. FULLER: Keri Fuller for the Government.

THE COURT: All right. Thank you.

All right. Dr. Bergdahl, do you have a copy of the criminal complaint?

THE DEFENDANT: Yes.

THE COURT: And have you had a chance to review it?

THE DEFENDANT: Yes, I have.

THE COURT: And have you announced your appearance?

MR. RYNGAERT: Yes, Your Honor. Andy Ryngaert. Ms. Matthews did it, so my apologies.

THE COURT: Oh, sorry. Okay. And, Ms. Matthews, you're making your appearance. You're retained counsel, correct?

MS. MATTHEWS: Correct, Your Honor.

THE COURT: All right. This is a criminal complaint out of the Northern District of Illinois, the Eastern Division, alleging you have violated Title 18, U.S. Code, Section 666 and Section 2, which is the aiding and abetting statute. And the

allegation is that you have embezzled, stolen, or obtained by fraud or converted to the use of any person other than the rightful owner property that was valued at $5,000 or more and owned by a federally funded program. And there's also a very lengthy affidavit attached to the criminal complaint, which discusses in great detail the allegations of the embezzlement and the amounts. I believe the total amount is alleged to be $486,540.28.

Have you had an opportunity to look at the affidavit in support of the criminal complaint?

THE DEFENDANT: Yes.

THE COURT: Do you understand the allegations that are made in the affidavit in support of the criminal complaint?

THE DEFENDANT: I do.

THE COURT: And do you understand the charges that -- the charge that has been brought against you in the criminal complaint?

THE DEFENDANT: Yes.

THE COURT: All right. What is the maximum statutory penalty for the violation of 18, U.S. Code, Section 666?

MS. FULLER: It's up to 10 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment fee.

THE COURT: All right. Do you understand the -- that's the maximum statutory penalty. Do you understand that?

THE DEFENDANT: Mm-hmm. Yes.

THE COURT: I need you to answer out loud. All right. Okay. You have the right to remain silent with respect to these allegations. You never have to talk to law enforcement or anyone else about them. You should only speak to your attorney about the allegations because anything you say to someone else can be used against you in the case. Do you understand the right to remain silent?

THE DEFENDANT: Yes.

THE COURT: And you have the right to counsel at all times and stages of the proceeding. You have retained counsel, who's entered an appearance here on your behalf. And I just need to know that you understand that if you can no longer afford retained counsel, you have the right to request court-appointed counsel; and if you qualify for court-appointed counsel, you will receive court-appointed counsel.

THE DEFENDANT: Yes.

THE COURT: All right. Under Rule 5(f), counsel for the United States is ordered to comply with its disclosure obligations under Brady v. Maryland and its progeny. The failure to do so may result in the dismissal of charges, exclusion of evidence, adverse jury instructions, contempt proceedings, and sanctions.

All right. You are entitled to some hearings here in this district. First of all, you're charged out of the

Northern District of Illinois. You're currently in the Southern District of Texas. You're entitled to something called an identity hearing, at which the United States would have to show that you are the person charged in the criminal complaint. Because you're charged by complaint and not by an incident, you have the right to a preliminary hearing at which the Government would have to show probable cause to support the charge in the complaint.

And then does the Government have any motions with respect to the issue of detention?

MS. FULLER: Yes, Your Honor. I've spoken with the AUSA in the Northern District of Illinois, and they are seeking detention based off of f(2), serious flight risk.

THE COURT: All right. So the United States is moving to detain you or hold you in custody based on serious risk of flight. You're entitled to a detention hearing. So the identity hearing, you can only have in this district. The preliminary and detention hearing, you can either have in this district, or you can reserve to the Northern District of Illinois when you appear in that district on these charges.

MS. MATTHEWS: Your Honor, we would waive the identity hearing, but we'd request a detention hearing here in this district. And I'm going to make a somewhat unusual request, Your Honor, and request that we have the detention hearing today, if possible. And if you would indulge me for a

minute, I just want to explain some of the background here, which is why I'm requesting the detention hearing today.

So this matter relates to an investigation that's been ongoing since at least 2021, perhaps as far back as 2020. I have been in regular contact with the AUSA in Chicago. She's actually a former colleague of mine who I know well. And Dr. Bergdahl was well aware that she was under investigation by the U.S. Attorney's Office. This was not anything that was a surprise in any way, shape, or form.

Dr. Bergdahl is currently employed. As part of her employment, she travels internationally and has repeatedly during the pendency of this investigation. She's been to London. She's been to Dubai. And that's not unusual, and she's done so as recently as December of 2023, traveled abroad. She also traveled to Dubai last summer, all for work.

For reasons unknown to me, when Dr. Bergdahl attempted to board a plane yesterday to Dubai, she was arrested. At the time of her arrest, there was no complaint. There was no arrest warrant. The Government felt, for reasons unbeknownst to me, that she was fleeing the jurisdiction, which she was not, and obviously, she has no charges. She had no restrictions on her at that time that she boarded the plane and was well within her right to leave the jurisdiction. The complaint was only filed, you know, once they had taken her into custody.

Dr. Bergdahl, though -- and I can present the Court, obviously, during the hearing if -- whenever that is, but Dr. Bergdahl has reservations that show where she was staying for her hotel, both in Dubai, and there was going to be travel to London. There's documentation of prior trips that she had taken.

And, like I said, there were no pending charges, and so this circumstance is a little unusual to me that she was arrested because there was this fear of her fleeing. And I think, in this circumstance, it would be unfair to keep her in custody for the next, you know, three to four days in light of the fact that we have proof that she was traveling for business purposes and was coming back. And prior to getting on that flight, there were no charges.

THE COURT: I understand your request. However, it's 2:30 on a Friday. And you're certainly entitled to the detention hearing within three days. Monday -- I'm happy to do it on Monday, but we're just not set up to -- we do all of our detention hearings at 10 a.m. in the morning docket. We have the afternoon docket for the rest. I mean, she's not going to be getting on a plane today, so Monday morning at 10 a.m. is about the best that I can do.

MS. MATTHEWS: Okay. I --

THE COURT: And I will set it for Monday morning at 10 a.m. Yes?

MS. FULLER: You know, our only request is we do have three days to prepare. We're going to have to have an agent come down from Chicago. We're requesting that it be on Tuesday at the earliest. Because of the fact that this is an investigation that is taking place out of the Northern District of Illinois, we need to have this agent come down and have adequate time to prep with them.

Additionally, I was told by the AUSA in Chicago that she's had conversations with the defense counsel, and they have told her that they were going to provide some documentation to them that they wanted to have a chance to verify, and that they were talking about potentially putting up property as collateral on a bond. And if that were the case, they would obviously need time to research that property and ensure that it was adequate collateral. I am the middle person in all of this, so I am -- I'm relaying to the Court that it sounds like the AUSA is trying to work with defense counsel. I understand their position that they want to have this bond hearing quickly, but my concern is that I have enough time to prepare for it and that we don't delay proceedings further because we're trying to verify documents provided by the defense counsel.

THE COURT: Well, the verification of documents would be for an agreed bond, correct?

MS. FULLER: I believe that's what the collateral of

property was supposed to be about. I don't know what the other documentation was that they have discussed, but, yes, I do believe that it all goes back to whether or not --

THE COURT: Well --

MS. FULLER: -- they would agree to a bond.

THE COURT: Where is Dr. Bergdahl employed?

MS. MATTHEWS: Well, she lives in Houston.

THE COURT: What is her job? What --

MS. MATTHEWS: Oh.

THE DEFENDANT: I'm the CFO of Anosh, Inc.

THE COURT: Of what?

THE DEFENDANT: Anosh, Inc., a capital investment firm.

THE COURT: Here's what I'm going to do: I'm going to set it for Monday morning. If -- there are two ways to handle it. I mean, the AUSA or the agent who's going to come testify can get here by Monday -- today's Friday -- can get here by Monday.

I can set it for eleven o'clock on Monday, but if you don't want to have to bring an agent, you can agree to let the agent testify by phone or something else. I don't really recommend that. I don't -- I prefer we not do that.

But, I mean, you've got two days to prepare. If this were -- you know, if this were Wednesday, Friday would be plenty of time. So it may ruin someone's weekend, but I'm

going to set it for Monday morning. I'll set it for Monday at 11.

All right. I don't think that there's really anything else that can happen now. She can't be arraigned because she's not indicted. We've got a hearing set. Are you having detention and preliminary hearing?

MS. MATTHEWS: Yes, Your Honor.

THE COURT: All right. All right. Anything else?

MS. MATTHEWS: No, Your Honor.

THE COURT: All right. You're excused.

MS. MATTHEWS: Thank you.

THE COURT: Thank you.

(Proceedings concluded at 2:25 p.m.)

* * * * *

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Alicia J. Jarrett
______________________________

ALICIA JARRETT, AAERT NO. 428 DATE: July 22, 2024

ACCESS TRANSCRIPTS, LLC