IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|    Plaintiff, | |
| v. | Case No. 1:24-cr-00232 |
| HEATHER BERGDAHL, | Hon. Robert W. Gettleman |
|    Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT OF HER MOTION FOR REMOVAL OF PRETRIAL SUPERVISION AND IN OPPOSITION TO GOVERNMENT'S CROSS-MOTION FOR SPECIFIC PRETRIAL SUPERVISION**

The Court should deny the government's cross-motion for additional pretrial supervision (ECF No. 63), and instead grant Dr. Bergdahl's motion for removal of pretrial supervision altogether. ECF No. 62. The law requires that Dr. Bergdahl be subject to the *least restrictive* conditions that will ensure her appearance at trial. 18 U.S.C. § 3142(c)(1)(B). Nearly one full year has passed since Dr. Bergdahl's release on bond. In that period—368 days, as of this filing—Dr. Bergdahl has regularly appeared before this Court, complied with all conditions, and given no hint of flight or danger. These facts confirm exactly what Pretrial Services concluded a year ago: pretrial supervision is unnecessary.

The government suggests that additional supervision would provide a layer of redundancy at what it calls "minimal burden." *See* ECF No. 63, ¶ 19. But that argument cannot be squared with the law. Courts are not empowered to acquiesce to the government's preferred, next-best or second-least-restrictive set of conditions; rather, they must impose only the "least restrictive" conditions necessary to "reasonably assure" a defendant's appearance and the safety of others and the community. *United States v. Anderson*, No. 18 CR 50034-1, 2020 WL 3545619, at *1 (N.D. Ill. June 30, 2020) (quoting 18 U.S.C. § 3142(c)(1)). If a defendant's performance under existing

conditions demonstrates that even those exceed what are necessary, the court must ratchet them downward, not upward. *See United States v. Hutchins*, 298 F. Supp. 3d 1205, 1208 (E.D. Wis. 2017).

*Hutchins* is particularly instructive. There, the court rejected the government's "contention . . . that compliance with release conditions is not enough, standing alone, to warrant modification of those conditions," explaining that the government's view was "contrary to the normal practice in th[at] and other district courts around the country." *Id.* at 1208. It held that "consistent compliance with existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice." *Id.* The same logic applies here with even greater force. *Hutchins* involved a non-citizen defendant with no real property, no family in the United States, and a $30,000 bond posted by a friend. *Id.* Dr. Bergdahl, by contrast, is a lifelong U.S. citizen, owns and is actively renovating her home in Texas, maintains close family ties (indeed, her parents' residence secures her bond), and has otherwise deep roots in Texas.

The government's suggestion that proximity to a trial date increases flight risk ignores how Congress calibrated the Bail Reform Act. Section 3142(g) requires courts to consider, at the outset, the weight of the evidence, the defendant's history and characteristics, and the potential penalties. None of those factors have materially changed since the operative indictment. While the law expressly contemplates changed circumstances at varying stages of a prosecution, *compare* 18 U.S.C. § 3142(a) (pending trial) *with* 18 U.S.C. § 3143(a) (pending sentence or appeal), it contains no carve-out permitting courts to tighten conditions simply because a trial date nears.

Pretrial Services originally recommended no supervision at all, and now affirmatively supports its termination. *See* ECF No. 62-3. The government's suggestion that Pretrial Services "was unaware of the factors that lead the government to view Bergdahl as a flight risk" is

inaccurate. ECF No. 63, ¶ 17.[1] The government initially moved to detain Dr. Bergdahl based on this supposed flight risk, and highlighted the circumstances of her arrest in open court during her initial appearance. *See* ECF No. 62-1.

The government attempts to undermine Pretrial Services' support for Dr. Bergdahl's request by suggesting Dr. Bergdahl "submitted to the Court an email from Pretrial Services recommending no Pretrial Supervision from the beginning of this case." ECF No. 63, ¶ 17. That is incorrect. Though Officer Minarik reiterated that her "office initially recommended No Supervision," she indicated that Pretrial Services "would support the removal of the condition (supervision)" as recently as April 10, 2025. *See* ECF No. 62-3.

Nor does the government identify how in any concrete way its proposed degree of supervision would materially enhance the Court's assurance of Dr. Bergdahl's appearance. The existing bond, secured by her parents' home, provides a powerful financial disincentive to flee. Her passport has been surrendered. She owns property in Texas (which she is actively renovating at personal expense), and remains subject to criminal penalties that would only multiply if she were to abscond. The additional reporting obligations sought by the government would do nothing to change those incentives; they would merely impose additional, unnecessary burdens on a defendant who has already demonstrated reliability.

Finally, the notion that additional supervision would be harmless because of a supposedly "minimal" burden misstates the governing standard. In the government's view, Dr. Bergdahl has been subject to "extremely minimal" supervision to date. ECF No. 63, ¶ 18. Thus, it logically follows that Dr. Bergdahl's request to terminate supervision is an "extremely minimal"

---

[1] The defendant disagrees with many of the unsupported representations in the government's submission—including its descriptions of counsel's discussions—and notes that most of the factual issues raised by the government are immaterial to the instant motion.

modification to her existing conditions. This Court has set regular status hearings at intervals agreed upon by the parties,[2] and Dr. Bergdahl has never once missed a required court appearance. The government has offered no evidence (nor can it) that such an "extremely minimal" modification to her conditions of release will suddenly change that fact.

In sum, every relevant consideration—the statutory text, persuasive law, Dr. Bergdahl's uncontroverted performance on bond thus far, Pretrial Services' opinion, and common sense—converges upon a single conclusion: termination of pretrial supervision is warranted, and the government's request for a heightened degree of supervision is not. The law does not sanction a precautionary layering-on of restrictions atop a more-than-sufficient set of conditions and, in fact, demands just the opposite.

---

[2] The government incorrectly asserts that Dr. Bergdahl "does not personally appear at any court statuses." ECF No. 63, ¶ 16. She personally appeared for the telephonic status hearings held by this Court on June 13, 2024 (ECF No. 25), August 8, 2024 (ECF No. 38), October 15, 2024 (ECF No. 46), December 5, 2024 (ECF No. 57), February 4, 2025 (ECF No. 59), and March 18, 2024 (ECF No. 60).

## CONCLUSION

For the foregoing reasons, Dr. Bergdahl respectfully requests that the Court (i) deny the government's cross-motion for additional pretrial supervision and (ii) modify her release conditions such that she will no longer be required to submit to supervision by Pretrial Services.

Dated: May 16, 2025

Respectfully submitted,

*/s/ Jordan M. Matthews*
Jordan M. Matthews
jmatthews@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

*Counsel for Defendant,
Dr. Heather Bergdahl*

**CERTIFICATE OF SERVICE**

 I hereby certify that on May 16, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will effectuate service on all counsel of record.

            /s/ *Taylor M. Grode*
            Taylor M. Grode

            *Counsel for Defendant,*
            *Dr. Heather Bergdahl*