IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 24 CR 232 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SAMEER SUHAIL, et al., | ) | Chicago, Illinois |
| | ) | July 2, 2026 |
| Defendants. | ) | 2:05 p.m. |

TRANSCRIPT OF PROCEEDINGS - STATUS
BEFORE THE HONORABLE ROBERT W. GETTLEMAN

APPEARANCES:

| | |
|---|---|
| For the Government: | HONORABLE ANDREW S. BOUTROS<br>UNITED STATES ATTORNEY<br>BY: MS. DIANE MacARTHUR<br>MS. KELLY GUZMAN<br>Assistant United States Attorneys<br>219 South Dearborn Street<br>Chicago, Illinois 60604 |
| For Defendant Suhail: | SHEPPARD LAW FIRM, P.C.<br>BY: MR. ADAM J. SHEPPARD<br>218 North Jefferson Street, Suite 300<br>Chicago, Illinois 60661 |
| For Defendant Bergdahl: | JONES DAY - CHICAGO<br>BY: MS. JORDAN M. MATTHEWS<br>110 North Wacker Drive, Suite 4800<br>Chicago, Illinois 60606 |
| For Defendant Miller: | BAKER & HOSTETLER LLP<br>BY: MR. RYAN S. HEDGES<br>One North Wacker Drive, Suite 3700<br>Chicago, Illinois 60601 |

Court Reporter: NANCY L. BISTANY, CSR, RPR, FCRR
Official Court Reporter
219 S. Dearborn Street, Room 1706
Chicago, Illinois 60604
(312) 435-7626
nancy_bistany@ilnd.uscourts.gov

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court and via Webex:)

THE CLERK: 24 CR 232-2, -3, and -4, USA versus Sameer Suhail, Heather Bergdahl, and George Miller, Jr.

If government counsel can please state their names for the record.

MS. MacARTHUR: Good afternoon, Your Honor.

Diane MacArthur and Kelly Guzman on behalf of the United States.

THE CLERK: Counsel for Sameer Suhail.

MR. SHEPPARD: Good afternoon, Your Honor.

Attorney Adam Sheppard on behalf of Sameer Suhail, who is present before this Honorable Court on the telephone.

THE COURT: Thank you.

THE CLERK: Mr. Suhail, can you please state your name for the record?

DEFENDANT SUHAIL: Yes. Good afternoon, Your Honor. It's Sameer K. Suhail.

THE COURT: Good afternoon.

THE CLERK: Counsel for defendant Heather Bergdahl.

MS. MATTHEWS: Good morning, Your Honor.

Jordan Matthews on behalf of Dr. Bergdahl, who is also present on the line.

THE CLERK: Defendant Bergdahl, can you please state your name for the record?

DEFENDANT BERGDAHL: Good afternoon. I'm Dr. Heather

Bergdahl.

THE CLERK: Counsel for defendant George Miller.

MR. HEDGES: Good afternoon, Your Honor.

Ryan Hedges on behalf of defendant George Miller, who is also present on the line.

THE CLERK: And defendant Miller, can you please state your name for the record?

DEFENDANT MILLER: Yes. Good afternoon. George Miller.

THE COURT: All right, folks. Thank you.

Who wants to give me a status report on this?

MS. MacARTHUR: Your Honor, if I may, Diane MacArthur on behalf of the United States.

Your Honor, the last status update that the parties gave was by way of a written submission on May 22nd of this year; and based on that written submission, Chief Judge Kendall scheduled a status hearing before Your Honor today.

A little bit of background about what has happened between then and now. The government notified defense counsel in this case on or about May 22nd of this year about potential issues in the grand jury presentation of this case and then subsequently produced to defense counsel whose clients have been arraigned -- so that would be defendants 2 through 4 -- the grand jury transcripts from this case as well as another Loretto-related case pending before Judge Coleman. And that

case number is 25 CR 321.

The government intends to re-present the evidence in this case to a different grand jury and to seek the issuance of a superseding indictment.

And then, Your Honor, as to the status as to each of the individual defendants: First, defendant No. 1, Anosh Ahmed, Mr. Ahmed is in custody in Serbia pursuant to an arrest warrant issued in this case as well as we believe in the Judge Coleman case.

Mr. Ahmed has not been arraigned before Your Honor, and he is in the midst of extradition proceedings to return him, we hope, to the United States. The Serbian court has not yet ordered his extradition, and so we do not yet have a date, and we do not yet know whether he either will be extradited or when he would be arriving in the United States.

As to defendant No. 2, Sameer Suhail, Mr. Suhail returned voluntarily from overseas, and he has been arraigned. He was arraigned in April of this year. And we anticipate a resolution of the charges against Mr. Suhail short of trial, but I'll certainly let Mr. Suhail's counsel speak to that in just a moment.

As to defendant Heather Bergdahl, defendant Bergdahl and the government have been in discussions about resolving the charges against her with a deferred prosecution agreement. We have not been able to complete that process, and for that

reason, the government proposes scheduling an appearance for defendant Bergdahl for the purpose of the entry of the proposed diversion agreement.

And I believe that I think the parties had in mind somewhere between two weeks to 30 days for that process, if not, perhaps, shorter.

And then lastly, as to defendant George Miller, defendant Miller and the government similarly have been in discussions about resolving the charges in this case against him with a deferred prosecution agreement. And, again, we have not been able to complete that process; and for that same reason, we would ask for a fairly short date in order to complete that process and to present to Your Honor a proposed diversion agreement for entry by the Court.

THE COURT: All right. Are you suggesting an in-person hearing for that?

MS. MacARTHUR: We -- I think the parties are flexible, Your Honor, and we defer to Your Honor's preference.

I think we had in mind an in-person appearance, but if Your Honor would prefer to do it by phone, I do not anticipate any objection from the defendants involved. But I will also, of course, stand down in just a moment and let everyone speak about their respective clients.

THE COURT: All right. Thank you.

Let me hear from the defense then. We'll start with

Suhail.

MR. SHEPPARD: Yes, Your Honor. This is Adam Sheppard on behalf of Mr. Suhail.

The government's recitation is correct. The defendant is still reviewing discovery, and the parties are in communication regarding a resolution short of trial.

We have no objection to the exclusion of time to whatever future status date the Court deems appropriate.

THE COURT: Okay. Thank you, Mr. Sheppard.

We can hear from Dr. Bergdahl's counsel.

MS. MATTHEWS: Good afternoon, Your Honor.

On behalf of Dr. Bergdahl, yes, we agree with the government's recitation of the facts. We are prepared to enter the pretrial diversion agreement once we get kind of the details squared away. Hopefully sometime in the next -- as counsel for the government indicated, hopefully here in the next week or two would be our preference.

With respect to in person or virtual, our client is located out of the state; and so if it's possible for us to do that hearing virtually, that would be our preference but defer to the Court in terms of what your preference is.

THE COURT: Okay. Thank you.

Mr. Miller's counsel, please.

MR. HEDGES: Thank you, Your Honor. Ryan Hedges for George Miller.

(Indecipherable and inaudible) has laid out the posture with respect to Mr. Miller accurately. We also are close to having the details ironed out of the diversion agreement. I think probably two weeks we could get that finalized.

Like Ms. Bergdahl -- Dr. Bergdahl, Mr. Miller is out of state. And so if it's possible, if Your Honor is comfortable with that, we would do it by telephonic or Webex if that's feasible.

THE COURT: That's feasible as far as I'm concerned.

Are these types of agreements permissibly dealt with by phone like we're doing today?

MS. MacARTHUR: Your Honor, Diane MacArthur on behalf of the government.

We believe so, Your Honor. We will definitely check into that. I think what is contemplated for both the two defendants involved would be an agreement that Your Honor would be given in advance of the proceedings and a separate document concerning some facts associated with the diversion agreement, but it is not akin to a guilty plea.

Given that the diversion agreement would contemplate a period of time in order to allow each of the two defendants to demonstrate good conduct and that at the end of that period of time, assuming that good conduct to have taken place, the government would move to dismiss the charges -- the charge

against the two defendants involved.

THE COURT: Okay. All right.

Anybody have any problem with that at all? I hear nothing. Okay. Fine.

Now, you say two weeks. Two weeks would be the 16th. We have a pretty full dance card on the 16th. I'm just looking at my calendar here.

The 14th, Claire, do we have anything in the morning rather than the regular call?

THE CLERK: We have a supervised release hearing at 10:00.

THE COURT: Okay.

THE CLERK: So I don't know if you want to do this --

THE COURT: Well, we could do this. We could make it at 1:30.

THE CLERK: Okay. And this would be in court, Your Honor?

THE COURT: No, it would be over the phone. So we're going to ask -- we would ask each of the defendants who are here -- and I guess that would be Suhail, Bergdahl, and Miller -- whether they agree to enter the agreement, and we'll go into some of the details. So we'll give it an hour. I don't know if we'll need an hour, but we'll give it an hour.

Okay. That's great. We'll set it then for the 21st -- I'm sorry -- yes, for the -- no, for the 14th, 7/14 at

1:30.

And we'll exclude time until then by agreement. Is that correct, everybody?

MS. MacARTHUR: Your Honor, if I may. This is Diane MacArthur again on behalf of the United States.

Yes, Your Honor, we would request the exclusion of time.

I just wanted to clarify with the Court, if I may, if defendant Suhail is to be a part of the proceeding on the 14th or if that was just for defendants Bergdahl and Miller.

THE COURT: Right.

MS. MacARTHUR: And, Your Honor, the only other piece then would be if it does not involve defendant Suhail, I just wanted to clarify that the exclusion of time would extend for all three defendants during that period of time.

THE COURT: Right. Okay. Anybody object to that?

MR. SHEPPARD: Your Honor, Adam Sheppard on behalf of Sameer Suhail.

No objection to the exclusion of time. I don't know that on behalf of Sameer Suhail we would have much to report to the Court on the 14th in that the deferred prosecution agreements pertain to the other two defendants at this juncture, but we will appear as directed if it remains for Mr. Suhail at the 14th or any other date.

THE COURT: Yes, let's just keep him on there, so if

we set any other dates, we'll take him into account. If we're doing this by phone, that's not a great --

MR. HEDGES: Your Honor, Ryan Hedges --

THE COURT: Go ahead.

MR. HEDGES: Ryan Hedges on behalf of George Miller.

No objection to the exclusion of time.

THE COURT: Thank you.

MS. MATTHEWS: And for Dr. Bergdahl, this is Jordan Matthews. No objection.

THE COURT: Okay. Great. All right. Thank you.

Please get these agreements to me as far in advance of that date as you can.

MS. MacARTHUR: Diane MacArthur on behalf of the United States.

We will, Your Honor. Thank you.

THE COURT: Thank you, folks. Have a good day. Have a good 4th of July.

MS. MacARTHUR: Thank you, Your Honor. You, too.

MR. HEDGES: Thanks, Your Honor.

(Proceedings concluded at 2:18 p.m.)

* * * * *

I certify that the foregoing is a correct transcript, to the extent possible, of the record of proceedings in the above-entitled matter given the limitations of conducting proceedings via Webex.

*/s/ NANCY L. BISTANY* *August 4, 2026*
NANCY L. BISTANY, CSR, RPR, FCRR
Official Court Reporter